IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARRIS REBAR NORTH
CAROLINA, INC.
formerly known as
Nufab National Rebar, Inc.

    Plaintiff,

     v.

PARSONS BRINCKERHOFF, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1396-TWT

**OPINION AND ORDER**

This case stems from a series of contracts to build a transportation center in Beckley, West Virginia. Before the Court is the Third-Party Defendant's motion for summary judgment on the claims of the Third-Party Plaintiff. Although the Third-Party Defendant, a project engineer, was not in privity with the Third-Party Plaintiff, the post-tensioning vendor, there are questions of fact concerning whether the project engineer made actionable negligent misrepresentations in preparing structural design drawings and approving more specific shop drawings.

**I. Background**

Third-Party Defendant Parsons Brinckerhoff, Inc., provided construction administration services to the City of Beckley, West Virginia in the construction of the Beckley Intermodal Gateway Project. Parsons had a contract with Beckley, and served as the Project's engineer of record.[1] Parsons was charged with drafting the master structural design drawings for the Project. The Project required the use of post-tensioning tendons, and for that purpose the general contractor subcontracted the post-tensioning tendon procurement and placement work to United Forming, Inc.[2] United Forming in turn contracted with Third-Party Plaintiff Harris Rebar North Carolina, Inc., for Harris Rebar to create shop drawings of the post-tensioning tendons and to fabricate and deliver all items required by the drawings. Harris Rebar agreed to be responsible for "all costs associated with mis-fabrication, late delivery, or incorrect coordination/interpretation" of the shop drawings, which were to be made in accordance with Parson's structural design drawings.[3] During a November 2011 site inspection, Douglas Lane, Parson's Supervising Structural Engineer, discovered that

---

[1]   Parson's Mot. for Summ. J., Exs. 1 & 2.

[2]   Id. at Ex. 2.

[3]   See Compl. Ex. 1.

the construction did not include primary structural tendons that were required to support the planter slabs of the parking deck.[4]

Initially, United Forming brought this lawsuit against Harris Rebar to recover losses attributable to remedying the omitted post-tensioning tendons. Harris Rebar filed counter claims against United Forming and filed a Third-Party Complaint against Parsons seeking to recover for Parson's negligent misrepresentations in the preparation of the structural design drawings and the approval and review of the shop drawings associated with the post-tensioning tendons. Each party moved for summary judgment on the claims against them. However, United Forming and Harris Rebar subsequently voluntarily dismissed their claims against each other with prejudice. Accordingly, the only remaining dispute is between Harris Rebar and Parsons. Parsons seeks summary judgment on the claim against it, arguing that it did not make negligent misrepresentations to Harris Rebar.[5]

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

---

[4] Lang Aff. ¶ 8.

[5] See [Docs. 1, 10, 66, 68, 73, 88].

and that the movant is entitled to judgment as a matter of law.[6] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[7] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[8] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[9] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[10]

### III. Discussion

Parsons seeks summary judgment on the sole count of Harris Rebar's Third-Party Complaint: negligent misrepresentation. The parties agree that they are not in privity with each other and that Georgia law applies to Harris Rebar's tort claim. In general, Georgia law does not allow for recovery for purely economic losses, such as Harris Rebar's, in the absence of privity. However, the Supreme Court of Georgia

---

[6] FED. R. CIV. P. 56(c).

[7] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[10] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

made an exception to this rule in Robert & Company Associates v. Rhodes-Haverty Partnership and held that a party can be liable for negligently providing false information or failing to disclose facts to a foreseeable third-party that relied on the information.[11]

In Malta Construction Company v. Henningson, Durham, & Richardson, Inc., the court held that the defendants' supply of deficient drawings and plans in the construction of freeway bridges was actionable as a negligent misrepresentation.[12] Malta, the general contractor for the project, brought the action against Henningson, the designer of ten post-tension bridges for the project, and VSL, which had entered into a contract with Malta's subcontractor to prepare the shop drawings for the bridges. Because Henningson and VSL provided Malta with faulty shop drawings, and because Malta's use of and reliance on the shop drawings was foreseeable, Henningson and VSL could be liable for negligent misrepresentation. However, the court drew a distinction between the allegation that Henningson and VSL provided faulty shop drawings and a separate allegation that Henningson and VSL failed to adequately review the shop drawings supplied to them by Malta. According to the

---

[11] 250 Ga. 680, 681-82 (1983).

[12] 694 F. Supp. 902, 906-07 (N.D. Ga. 1988).

court, the mere failure to adequately review shop drawings was not itself the provision of false information and could not support a claim for negligent misrepresentation.[13]

Here, Parsons argues that it cannot be liable for negligent misrepresentation for its creation of the structural drawings and its subsequent review of and comments on the shop drawings, which were prepared by Harris Rebar based on Parsons' structural design drawings. Harris Rebar argues that: (1) Parsons' structural design drawings were confusing and misleading and caused Harris Rebar to create shop drawings omitting the proper post-tension tendons; and (2) Parsons' review and explicit approval of the shop drawings on three different occasions, despite the omission of the necessary post-tension tendons in the drawings, were negligent misrepresentations. Harris Rebar has provided evidence to show that Parsons may have made negligent misrepresentations concerning both the structural design drawings and the shop drawings.

First, Harris Rebar has provided evidence indicating that the structural design drawings may have been sufficiently misleading to be considered false information. Michael Pedraza, an engineer for Harris Rebar, testified that the structural design drawings included a section on post-tension tendons that, by referring to a uniform schedule in another part of the drawings, suggested that post-tension tendons were not

---

[13] See id. at 906-07.

required in certain sections of the Project that they were in fact required.[14] Likewise, Rodney Adams, a professional engineer for United Forming, testified that even though the structural design drawings contained the information needed to construct the proper post-tension tendons, he initially interpreted the design in the same manner as Pedraza - without the proper tendons - and found the design in general to be confusing and misleading.[15] Rex Pless, an engineering expert for Harris Rebar, also testified that the structural design drawings provided by Parsons were inadequate.[16] These statements create a question of fact as to whether the structural design drawings, like the ones in Malta, were false. Further, it is clear from the parties' relationship that it was foreseeable to Parsons that Harris Rebar would utilize and rely on the structural drawings.

Next, Parsons' role in approving the shop drawings prepared by Harris Rebar was more than the mere reviewing role found non-actionable in Malta. In Malta, the court held that the failure to adequately and promptly review drawings was akin to a failure to supervise which could not itself support a claim for negligent

---

[14] Pedraza Decl. ¶¶ 15-22.

[15] Adams Dep. at 40-42, 162-65.

[16] Pless Dep. at 32-33.

misrepresentation.[17] Here, however, Parsons did more than simply review the shop drawings provided by Harris Rebar. Rather, Parsons, on three separate occasions, affirmatively certified that Harris Rebar's drawings - which omitted the proper post-tensioning tendons - were in conformance with Parsons' structural design drawings. On its first review of the shop drawings, Parsons provided extensive comments and corrections to Harris Rebar, but did not address the omitted tendons.[18] Harris Rebar, at its own expense, addressed the comments and corrections but made no changes to the tendon structure.[19] After addressing the comments and corrections, Harris Rebar resubmitted the shop drawings. Parsons approved all but two of the shop drawings, and indicated that the two unapproved drawings only needed minor corrections and that, following the corrections, construction should proceed.[20] The approved shop drawings still did not display the proper post-tensioning tendons. Indeed, Parsons identified ten locations where additional tendons were required but Parsons did not identify the missing tendons at issue in this litigation.[21] Harris Rebar made another

---

[17]  694 F. Supp. at 907.

[18]  Pedraza Dep. Ex. 28.

[19]  Id. Ex. 29.

[20]  Id.

[21]  Id. at 112-16; Ex. 29.

round of corrections and Parsons approved the third submission noting that "no exceptions [were] taken" to the shop drawings, which still did not have the proper tension tendons.[22] Thus, giving Harris Rebar favorable inferences, Parsons may have made additional negligent misrepresentations to Harris Rebar when approving the draft shop drawings. Accordingly, Parsons' motion for summary judgment should be denied.

### IV. Conclusion

For the reasons set forth above, Parsons Brinckerhoff, Inc.'s Motion for Summary Judgment [Doc. 73] is DENIED. Plaintiff United Forming, Inc.'s Motion for Partial Summary Judgment [Doc. 66] and Harris Rebar North Carolina, Inc.'s Motion for Summary Judgment as to United Forming, Inc.'s Claims [Doc. 68] are DENIED as MOOT.

SO ORDERED, this 24 day of June, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[22] Id. Ex. 30.